LAMBERT *v.* MISSISSIPPI CENT. R. Co.*

(Division B.   Jan. 21, 1929.)

[120 So. 177.   No. 27526.]

*Corpus Juris-Cyc References: Master and Servant, 39CJ, section 572, p. 458, n. 98; section 585, p. 469, n. 80.

*J. W. Cassedy*, and *Currie & Currie*, for appellant.

*Hannah & Simrall*, and *T. Brady, Jr.*, for appellee.

ANDERSON, J. Appellant brought this action in the circuit court of Forrest county against appellee to recover damages for an injury received by him while engaged about his duties as an employee of appellee, alleged to have been caused by the negligence of the latter. Appellee's demurrer to appellant's declaration was sustained, and appellant declined to plead further, and final judgment was entered dismissing the suit. From that judgment, appellant prosecutes this appeal.

The case made by appellant's declaration was substantially as follows: That appellant and L. L. Magee were carpenters in the employ of appellee and engaged in repairing bad-order cars for appellee; that a flat car belonging to appellee was by it placed on one of its repair tracks in its shops for the purpose of being repaired; that, in order to repair the car, it was necessary to remove the flooring or decking thereof, which flooring or decking was nailed down with large nails or spikes to joists underneath; that it was difficult to remove the flooring of the car, and, in order to do so, it was necessary to

use a crowbar and a large sledge hammer, which were provided by appellee for the purpose; that the crowbar was used in prizing loose the timbers that constituted the flooring of the car; that appellee provided appellant's fellow workman, Magee, with a large sledge hammer, weighing from ten to fifteen pounds, with which he performed his part of the labor in removing the flooring; that it was necessary in doing this work that appellant stand upon the floor of the car and place the point of the crowbar under the particular piece of flooring being removed, and prize or push down on the handle of the crowbar for the purpose of drawing the spikes or nails out of it; that at the same time, for the purpose of assisting in accomplishing that result, appellant's fellow workman, Magee, was required to be down on the ground underneath the flooring of the car, and, with the sledge hammer provided for that purpose, strike heavy blows against the particular piece of flooring being removed; that it took the joint effort of both of them in this manner to remove the timber constituting the flooring of the car; that on the occasion of appellant's injury, the flooring of the car to be repaired was being removed in that manner (appellant was prizing up the piece of flooring sought to be removed with the crowbar, and his fellow servant, Magee, was down on the ground under the car striking the piece of flooring with the sledge hammer) ; that suddenly the piece of flooring became loosened, and appellant lost his balance, falling forward on the flooring of the car and breaking his arm.

The declaration states the particular manner in which the injury came about in this way: ''And when the plaintiff prized down on the handle of said crowbar in the manner usual, ordinary and necessary, his said fellow workman at the same moment without any warning or notice to him, negligently struck said plank on the bottom side a powerful and violent blow with said sledge hammer just as the plaintiff began prizing down on said crowbar, as a proximate and direct result of all of which the

said crowbar was knocked out or jarred loose and the plaintiff, whose weight and strength were resting upon and being exerted against said crowbar in the usual, ordinary and necessary manner, was thereby suddenly hurled and thrown down upon the floor or deck of said car and fell face forward. . . .''

The declaration concludes by alleging two specific grounds of negligence on the part of the appellee, which, it charges, proximately caused appellant's injury: First, the negligence of appellant's fellow servant, Magee, in failing to warn appellant when he (Magee) was about to strike with his sledge hammer the piece of flooring sought to be removed; and, second, the failure of appellee to furnish a servant to keep watch on the work as it progressed and to give appellant such warning.

It is unnecessary to decide whether or not our statute abolishing the fellow-servant rule as to railroad employees under the conditions named in the statute applies; for, if it does, we hold, nevertheless, that there was no negligence shown on the part of appellant's fellow servant, Magee, which proximately contributed to appellant's injury. And we hold also there was no such negligence by appellee because of its failure to furnish a servant to give warning.

Taking the allegations of the appellant's declaration most strongly against him, as should be done, we find no merit in the contention that appellee owed appellant the duty to furnish a servant to give him warning when his fellow servant, Magee, was about to strike with the sledge hammer the piece of flooring that appellant, at the same time, was prizing up with the crowbar. The declaration alleged that that manner of doing the work was the ordinary and necessary way; that at the same time appellant was prizing up the piece of flooring with the crowbar, for the purpose of drawing it out and removing it, his coworker, Magee, was due to strike it with the sledge hammer, in order to accomplish that result. Ap-

pellant knew that—he needed no warning—it took both the prizing with the crowbar and the striking with the sledge hammer to loosen the flooring. The striking and the prizing went on at the same time, and both of them knew that it had to go on at the same time. What then was the necessity of another servant to stand by and give appellant warning that his coworker was to strike the piece of flooring with the sledge hammer? We are unable to see any. If such a servant had been provided and had given warning, it would have been no help to appellant in avoiding the injury—he would only have been warned of that which he already knew. And what we have said applies with equal force to appellant's contention that his fellow servant, Magee, was due to give him such warning. There was no obscurity or complexities about the work. It was simple, and easily understood.

It seems very plain from appellant's declaration that his injury was caused by the usual and ordinary hazards of the employment in which he was engaged.

*Affirmed.*